

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-1998

# Lacap v. INS

Precedential or Non-Precedential:

Docket 97-3322

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Lacap v. INS" (1998). *1998 Decisions*. Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 12, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-3322

RICARDO MANLAPAZ LACAP,

      Petitioner

v.

IMMIGRATION & NATURALIZATION SERVICE,

      Respondent

On Petition for Review of a
Decision and Order of the
Board of Immigration Appeals
(Bd. No. A73 558 974 -- Newark)

Submitted under Third Circuit LAR 34.1(a)
March 9, 1998

BEFORE: GREENBERG, SCIRICA, and ALDISERT,
Circuit Judges

(Filed: March 12, 1998)

      Elly V. Pamatong
      198 Broadway
      New York, NY 10038

      Attorney for Petitioner

Frank W. Hunger
Assistant Attorney General
David M. McConnell
Assistant Director
Stephen W. Funk
Senior Litigation Counsel
Michael P. Lindemann
Vernon B. Miles
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

 Attorneys for Respondent

OPINION OF THE COURT

PER CURIAM.

Petitioner Ricardo Manlapaz Lacap was born on January 23, 1951, in the Philippines, where he resided until 1991 when he illegally entered the United States. His parents, Fausto B. Lacap and Maria Manlapaz, were born in the Philippines during the time it was a territorial possession of the United States between December 10, 1898, and July 4, 1946.

In deportation proceedings instituted against Lacap, he conceded that he was a citizen of the Philippines and was subject to deportation. He nevertheless contended that he should be granted asylum and the withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. S1158(a) and 1253(h). The immigration Judge denied Lacap's request on September 25, 1995, and, on Lacap's appeal, the Board of Immigration Appeals sustained that result on May 14, 1997.

Lacap then filed a timely petition for review with this court on June 12, 1997. In the proceedings before this court, Lacap does not challenge the administrative denial of

2

his applications for asylum and the withholding of deportation. Rather, he explains that the "only issue in this case is: whether [his] parents were born in the `United States' within the Citizenship Clause of the Fourteenth Amendment." Br. at 43. He makes an intricate argument contending that they were born in the United States and thus were citizens of the United States. Accordingly, he contends that he is a citizen of the United States by birth and cannot be deported.

The United States Court of Appeals for the Ninth Circuit in Rabang v. INS, 35 F.3d 1449, 1454 (9th Cir. 1994), cert. denied, 115 S.Ct. 2554 (1995), examined the issue raised in these proceedings and concluded that "Supreme Court precedent compels a conclusion that persons born in the Philippines during the territorial period were not`born . . . in the United States,' within the meaning of the Citizenship Clause of the Fourteenth Amendment, and are thus not entitled to citizenship by birth." We agree with the result and reasoning of the court in Rabang and note that the United States Court of Appeals for the Second Circuit recently has followed Rabang as well. See Valmonte v. INS, 1998 WL 54575 (2d Cir. Feb. 11, 1998). Consequently, it follows that Lacap is not entitled to relief in these proceedings.

In view of the aforesaid, we will deny the petition for review of the decision and order of May 14, 1997, of the Board of Immigration Appeals.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

3